IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. JKB-16-0363** |
| | ) | |
| **GERALD JOHNSON, et al.** | ) | |
| | ) | |

...o0o...

### PROTOCOL FOR SECURING APPEARANCE OF
### FORMER JURORS AT UPCOMING REMMER HEARING

Beginning in or around late February, the Court began making arrangements to secure the appearances of 15 former jurors at the upcoming *Remmer* hearing in this case. As part of that effort, the Court successfully served all but one former juror, who is currently living in Switzerland, with subpoenas. On March 26, with preparations under way and after the former jurors had been served, the Court issued an order in which it decided that the former jurors should be treated as government witnesses "for purposes of ensuring attendance and payment fees under 28 U.S.C. § 1821." ECF 955 at 1. The Court made clear, however, that "[o]ther than ensuring the appearance of the former jurors, the government shall have no contact and no case-related communication with them[.]" ECF 955.

For the record, the government neither requested nor desired the responsibility of ensuring the appearance of former jurors. Having been ordered to assume that responsibility, we have executed, and will continue to execute, the Court's binding order with professionalism and care. During a status conference on April 9, the Court requested that we set forth our protocol for contacting former jurors, securing their appearances, and reimbursing them, as necessary, for expenses they incur in complying with the subpoenas the Court has served. Our protocol, which reflects established practice in our Victim-Witness Unit, is set forth below.

1. Communication with and reimbursement of former jurors has been, and will continue to be, handled entirely by the United States Attorney's Office Victim-Witness Unit. Members of the Unit have not had, and will not have, substantive, case-related communications with any former jurors. Prosecutors in the United States Attorney's Office, including undersigned counsel, have not had, and will not have, *any* communications with former jurors.

2. Members of the Victim-Witness Unit have obtained contact information for all former jurors from the Court. They have verified that subpoenas have been issued and obtained copies.

3. Members of the Victim-Witness Unit have contacted former jurors by phone, as well as email, to confirm that their contact information is accurate; to advise them of the date, time, and location of their requested appearances; and to inform the former jurors that the United States Attorney's Office will make all necessary travel arrangements.

4. Members of the Victim-Witness Unit have inquired, as they do in every case, whether former jurors have any special travel-related needs or concerns.

5. Travel arrangements have been made, and will continue to be made, pursuant to the following guidelines. Former jurors living more than 50 miles from the courthouse may secure overnight lodging at a local hotel, at the government's expense, if they wish. Airline arrangements will be made by members of the United States Attorney's Office Victim-Witness Unit, in conjunction with the Department of Justice's travel agency. Witnesses living less than 50 miles from the courthouse will be reimbursed for round-trip mileage at a rate of 56 cents per mile. Parking will also be reimbursed.[1]

---

[1] In a typical case, witnesses are also entitled, pursuant to federal regulation, to a $40 daily attendance fee, as well as the standard Government Services Administration per diem of $71 per day for meals and expenses. The government seeks direction from the Court as to whether such reimbursements are appropriate in this case. We will, of course, follow any guidance the Court provides.

6. When travel arrangements are completed, members of the Victim-Witness Unit will notify former jurors, by phone or by email, that the travel arrangements have been made.

7. After the hearing is concluded, former jurors will complete a Fact Witness Voucher (DOJ Form 3), which will document the former jurors' expenses, including mileage and parking (and, if the Court deems it appropriate, meals and incidental expenses). These forms will be provided to the Court in advance of the hearing. Court personnel will then obtain the necessary signatures before returning the forms to the United States Attorney's Office Victim-Witness Unit. Members of the Victim-Witness Unit will submit the forms electronically to Department of Justice personnel for processing. Reimbursement checks (drawn on the United States Treasury) will be mailed to former jurors approximately two weeks later.

*   *   *   *   *   *   *

We look forward to discussing this protocol, and to answering any questions the Court may have, at the scheduled status hearing tomorrow afternoon.

There is one final issue to address. During a telephonic status conference on April 9, counsel for defendant Johnson asked the government to provide the name and contact information for the Fact Witness Coordinator with primary responsibility for contacting former jurors and making travel arrangements (if necessary) on their behalf. In response to that request, undersigned counsel indicated that he would confer with the relevant supervisors at the United States Attorney's Office. Undersigned counsel has done so, and has been directed to inform the Court that the government opposes any request to make the Fact Witness Coordinator available for an interview, on the ground that such an interview is neither necessary nor appropriate in this case.

                         Respectfully submitted,
                         JONATHAN F. LENZNER
                         Acting United States Attorney

By:   /s/
       Peter J. Martinez
       Christina A. Hoffman
       Assistant United States Attorneys
       36 South Charles Street
       Baltimore, Maryland 21201

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of April, 2021, I caused a copy of the foregoing document to be served on defense counsel through the Court's electronic case filing system.

/s/
Peter J. Martinez
Assistant United States Attorney