U.S. DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

FILED ____ ENTERED
LODGED ____ RECEIVED

AUG 1 2025

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

MARQUIS MCCANTS          | CRIM. NO.: JKB-16-0363

V.

UNITED STATES OF AMERICA | MOTION TO INVOKE STRUCTURAL
ERROR REVIEW, IN LIGHT OF THE
PRINCIPLE, IN BANK OF NOVA SCOTIA V. UNITED STATES, 487 U.S.
250, 254, 108 S.CT. 2369, 2373, 101 L.ed. 2d 228 (1988) AND CRIMINAL
LAW 1165(1), AND RELIEF, DUE TO "UNCONSTITUTIONAL JUDICIAL
INTERFERENCE," AND "FAILURE TO SUBMITT THE ELEMENTS," THAT
"CONSTITUTED, OR DESIGNATED, "CONSPIRACY TO COMMIT MURDER" AND
"ATTEMPT TO COMMIT MURDER," FEDERAL CRIMES OF VIOLENCE -
WITH THE ELEMENTS OF, "THE USE, ATTEMPTED USE, OR THREATENED
USE OF PHYSICAL FORCE." DAVIS, 588 S.CT. __ (2019) CF., TAYLOR, 142
S.CT. AT 2020 ("THE ONLY RELEVANT QUESTION IS WHETHER THE
FEDERAL FELONY AT ISSUE, ALWAYS REQUIRES THE GOVERNMENT
TO PROVE - BEYOND A REASONABLE DOUBT, AS AN ELEMENT OF
ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF
FORCE.") (EMPHASIS ADDED) (BRIGHT-LINE RULE), AND NONE - SUBST-
ANTIVE COMPLIANCE WITH OR IN LIGHT OF, NEW SUPREME COURT
AUTHORITY IN SMITH V. ARIZONA, NO. 22-899 (2024) (CONFRONTATION
CLAUSE) AND FISCHER V. UNITED STATES, 603 U.S. __, __, 144 S.CT. __,
219 L.ed. 2d 911 (2024) (DEFENDANT MIGHT MAINTAIN THAT HIS
CONDUCT, EVEN IF PROVED, DOES NOT VIOLATE THE LAW AT ISSUE
CF., E.G., U.S. V. REECE, 938 F.3d 630, 634 N.3 (5TH CIR. 2019) ("IF
REECE'S CONVICTIONS WERE BASED ON THE DEFINITION OF

[CRIME OF VIOLENCE] ARTICULATED IN §924(C)(3)(B)[THE RESIDUAL CLAUSE], THEN HE WOULD BE ACTUALLY INNOCENT OF THOSE CHARGES UNDER DAVIS")(EMPHASIS ADDED). SEE, FED. R. CRIM. P 52(A); SEE ALSO, BOLLENBACH V. UNITED STATES, 326 U.S. 607, 614-15, 66 S.CT. 402, 406, 90 L.ED. 350 (1946)("STRENGTH OF EVIDENCE NO SUBSTITUTE FOR ACTUAL JURY FINDING"). SEE ALSO, UNITED STATES V. MARTIN LINEN SUPPLY CO., 430 U.S. 564, 572, 97 S.CT. 1349, 1355, 51 L.ED. 2d 642 (1977)(THE JURY WOULD HAVE FUL-FILLED ITS CONSTITUTIONAL FUNCTION TO "STAND BETWEEN THE ACCUSED AND A POTENTIALLY ARBITRARY OR ABUSIVE GOVERNMENT THAT IS IN COMMAND OF THE CRIMINAL SANCTION"), BUT SEE ALSO, U.S. CONSTITUTIONAL AMEND. V, AND VI; BUT SEE ADDITIONALLY, FED. R. CRIM. P. 51 ("IF A PARTY HAS NO OPPORTUNITY TO OBJECT TO A RULING OR ORDER, THE ABSENCE OF AN OBJECTION DOES NOT THEREAFTER PREJUDICE THAT PARTY")(EMPHASIS ADDED) —

## [ LIBERALLY CONSTRUED ]

IN LIGHT OF MR. MCCANTS'S 'PRO SE STATUS' IN THIS MATTER, AND PLEADING; THIS "COURT OF REVIEW" IS TO AFFORD A LIBERAL CONSTRUCTION, TO THE MOVANT'S PLEADINGS BY HOLDING THEM TO A MORE LENIENT STANDARD THEN THOSE DRAFTED BY AN ATTORNEY. HAINES V. KERNER, 404 U.S. 519, 520, 92 S.CT. 594, 30 L.ED. 2d 652 (1972); SEE ALSO, ERICKSON V. PARDUS, 551 U.S. 89, 94, 127 S.CT. 2197, 167 L.ED. 2d 1081 (2007)

PG 2

[ JURISDICTIONAL AUTHORITY ]

IN BANK OF NOVA SCOTIA V. UNITED STATES, 487 U.S. 250, 254, 108 S.CT. 2369, 2373, 101 L. Ed. 2d 228 (1988), THE SUPREME COURT HELD THAT A FEDERAL COURT COULD NOT INVOKE ITS SUPERVISORY POWER "TO CIRCUMVENT THE HARMLESS-ERROR INQUIRY PRESCRIBED BY FEDERAL RULE OF CRIMINAL PROCEDURE 52(a)." THE COURT EXPLAINED THAT RULE 52 IS "AS BINDING AS ANY STATUTE DULY ENACTED BY CONGRESS AND FEDERAL COURTS HAVE NO MORE DISCRETION TO DISREGARD THE RULE'S MANDATE THAN THEY DO TO DISREGARD CONSTITUTIONAL OR STATUTORY PRO- VISIONS." Id. AT 255, 108 S.CT. AT 2373-74; SEE ALSO, FED.R.CRIM.P. 52(a)

---

[ STATEMENT OF CASE ]

ON 1/25/18. MR MCCANTS WAS FOUND GUILTY BY JURY TRIAL OF THE FOLLOWING OFFENSES UNDER A GENERAL VERDICT FORM THAT 'OMITTED' THE PROSECUTION'S "BURDEN OF PROOF," TO THE ELEMENTS OF, (AN AGREEMENT) FOR CONSPIRACY, BETWEEN TWO OR MORE PEOPLE; AND THE ELEMENTS OF, "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL AGAINST THE PERSON OR PROPERTY OF ANOTHER" DAVIS, 588 S.CT. ___ (2019). SEE ALSO, E.G., TAYLOR, 142 S.CT. AT 2020 ("THE ONLY RELEVENT QUESTION IS WHETHER THE FEDERAL FELONY AT ISSUE, ALWAYS REQUIRE THE GOVERNMENT TO PROVE - BEYOND A REASONABLE DOUBT AS AN ELEMENT OF ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF "PHYSICAL FORCE") WHICH DEFINES THE "JURISDICTIONAL ELEMENTS", FOR A "FEDERAL" "CRIME

PG 3

OF VIOLENCE." CF. 18 U.S.C § 3553(6)(DEFINING VIOLENT
FELONY AS INCORPORATED FROM 18 U.S.C § 16).

MR MCCANTS ASSERTS THAT IN "LIGHT OF DAVIS BEING
DECIDED A YEAR AND SOME CHANGE AFTER HIS JURY
TRIAL PROCESS". . . FED. R. CRIM. P. 51 AFFORDS THE MOVANT
AN OPPORTUNITY TO FAIR NOTICE, AND RIGHTS TO OBJECT
TO THE TRIAL COURT'S JURY CHARGE, OR RIGHTS TO
REQUEST, A SPECIFIC JURY INSTRUCTION, AND OR, AN AFFIRMATIVE
DEFENSE. SEE FED. R. CRIM. P. 51 ("IF A PARTY HAS NO
OPPORTUNITY TO OBJECT TO A RULING OR ORDER, THE
ABSENCE OF AN OBJECTION DOES NOT THEREAFTER
PREJUDICE THAT PARTY"); CF, BOLLENBACH V. UNITED
STATES, 326 U.S. 607, 614-15, 66 S.CT. 402, 406, 90 L.Ed. 350
(1946)(STRENGTH OF EVIDENCE NO SUBSTITUTE FOR ACTUAL
JURY FINDING)

ADDITIONALLY, RELIEF, IN LIGHT OF "STRUCTURAL ERROR
IN THIS MATTER," IS APPROPRIATE HEREIN, WHERE
THE "TRIAL COURT UNCONSTITUTIONALLY INTERFERED IN
MR MCCANTS'S JUDICIAL PROCESS, BY PROHIBITED". . .
JUDICIAL FACT-FINDING," IN VIOLATION OF MR MCCANTS'S
6TH AMENDMENT RIGHTS, TO TRIAL BY JURY, UNITED STATES
V. MARTIN LINEN SUPPLY CO., 430 U.S. 564, 572, 97 S.CT. 1349, 1355,
51 L.Ed. 2d 642 (1977); SEE ALSO, UNITED STATES V. GAUDIN, __ U.S. __,
115 S.CT. 2310, 132 L.Ed 2d 444 (1995)(THE CONSTITUTION "REQUIRES
CRIMINAL CONVICTIONS TO REST UPON A JURY DETERMINATION
THAT THE DEFENDANT IS GUILTY OF EVERY ELEMENT OF THE
CRIME WITH WHICH HE IS CHARGED, BEYOND A REASONABLE
DOUBT.")CF. JONES V. U.S., 526 U.S. 227, 119 S.CT. 1215, 143 L.Ed. 2d
311 (1999.)(ADDRESSING THE DISTINCTION BETWEEN ELEMENTS
OF THE OFFENSE AND SENTENCING FACTORS)

PG4

[ STRUCTURAL ERROR
  BY OMISSION — ]

IN LIGHT OF FED.R.CRIM.P. 51'S "STATED PURPOSE OF PROTECTION"
TO DEFENDANTS LIKE MR MCCANTS, WHOM NEVER HAD AN OPPORT-
UNITY TO OBJECT, OR REQUEST, FOR A CERTAIN JURY INSTRUCTION
IN HIS CASE-IN-CHIEF, DUE TO AN "UNDEVELOPED STATE OF LAW".
AT THE TIME OF HIS JUDICIAL EXAMINATION, AND, HIS TRIAL
COUNSEL'S REFUSAL TO ASSERT A 'DE NOVO CLAIM' ON THE MOVANT
BEHALF, UNDER THE PRIOR — STATE OF LAW, AND, CONDUCT-BASED
INTERPRETATION OF LAW, THAT THE SUPREME COURT INVALIDATE
IN DAVIS (2019) 4 DAYS BEFORE THE MOVANT'S JUNE 19TH AND
JUNE 20TH 2019. SENTENCING HEARING, "REQUIRES REVERSAL"
HEREIN, OF MR MCCANTS SENTENCE AND CONVICTION, WHERE
THE 'STRUCTURAL ERROR' AT ISSUE — I.E. FAILURE TO INSTRUCT
HIS JURY PANEL, OR CHARGE, HIS JURY PANEL, ON THE "ELEMENTS"
OF, THE "ELEMENTS CLAUSE", THAT CONSTITUTES THE "FEDERAL
DEFINITION" AND "JURISDICTIONAL FOUNDATION," FOR A DEFENDANT
TO BE 'SENTENCED OR CONVICTED' FOR ANY "FEDERAL CRIME
OF VIOLENCE." SEE E.G. DAVIS, 588 S.CT. __(2019) SEE E.G. TAYLOR,
142 S.CT. AT 2020; SEE E.G., DELLIGATTI, NO. 23-825 (2024)(EMPH-
ASIS ADDED)(ACCURATE ASSERTION OF LAW AND FACTS)-'OMITTS
GUILT BEYOND A REASONABLE DOUBT, 'ON THE 'ELEMENTS'
THAT QUALIFIES MR MCCANTS'S OFFENSES OF "ATTEMPTED
MURDER", "CONSPIRACY TO COMMIT MURDER" AND "ROBBERY". UNDER
"CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO
DISTRIBUTE CONTROLLED SUBSTANCES" AS CATEGORICAL, ..FEDERAL
..CRIME OF VIOLENCE." — MEANING IN LEGAL TERMS, "THE ONLY
RELEVENT QUESTION," FOR PURPOSES OF RELIEF HEREIN, ..IS
WHETHER, "THE 'RECORD OF CONVICTION" AND "JURY VERDICT FINDINGS"

REFLECTS THAT, "THE GOVERNMENT PROVED - BEYOND A REASONABLE
DOUBT". AS AN "ELEMENT OF ITS CASE" - "THE USE, ATTEMPTED USE,
OR THREATENED USE OF PHYSICAL FORCE". TAYLOR, 142 S.CT. AT 2020
(EMPHASIS ADDED) CF., EXHIBIT (A) (MR MCCANTS'S "JURY VERDICT
FORM WITH JURY CHECKS AND FINDINGS") (PRIMA FACIE SHOWING),
BUT SEE ALSO, WEBSTER V. FALL, 266 U.S. 507, 511, 45 S.CT. 148, 69
L.Ed 411 (1925) ("QUESTIONS WHICH MERELY LURK IN THE RECORD,
NEITHER BROUGHT TO THE ATTENTION OF THE COURT NOR RULED
UPON, ARE NOT TO BE CONSIDERED AS HAVING BEEN SO DECIDED
AS TO CONSTITUTE PRECEDENTS")

THE MOVANT ALSO ASSERTS THAT "WHERE THE "LAW CHANGED"
PRIOR", TO HIS SENTENCING PROCESS; A "YEAR AFTER", HIS "JURY
TRIAL PROCESS' WAS FINAL. "FEDERAL RULE OF CRIMINAL
PROCEDURE 51, "ENTITLES MR MCCANTS TO 'ADVANCED FAIR
NOTICE' OF THE ELEMENTS CLAUSE, PERCOCO V. U.S., 598 U.S. __, __,
143 S.CT. 1130, 215 L.Ed 2d 305, 320 (2023), AND OPPORTUNITY
IN THE "FIRST INSTANCE", TO OBJECTIONS IN LIGHT OF FED.
R. CRIM. P 30 (D), SEE E.G., UNITED STATES V. LOGAN, 717 F. 2d 84, 91
(3Rd CIR. 1983) ("RULE 30 HAS THE MANIFEST PURPOSE OF AVOID-
ING WHENEVER POSSIBLE THE NECESSITY OF A TIME-CONSUMING
NEW TRIAL BY PROVIDING THE TRIAL JUDGE WITH AN OPPORTUNITY
TO CORRECT ANY MISTAKES IN THE CHARGE BEFORE THE JURY
BEGANS TO DELIBERATE".) CF., UNITED STATES V. TANNENBAUM, 934
F. 2d 8, 14 (2d CIR. 1991) ("REQUESTED INSTRUCTIONS DO NOT SUB-
STITUTE FOR SPECIFIC OBJECTIONS TO THE COURT'S INSTRUCTIONS"),
WHICH MR MCCANTS WAS DEPRIVED OF MAKING IN LIGHT OF

PG 6

ILLEGALLY UNDER THE RISK-CLAUSE SENTENCING PACKAGE; AND "NO ELEMENT," OF "CONSPIRACY TO COMMIT MURDER," WHICH MAY MANIFEST BY JUST 'AN AGREEMENT'. OR "ATTEMPTED MURDER,"... WHICH MAY ALSO MANIFEST BY 'NON-VIOLENT SUBSTANTIAL STEPS' TO COMMIT THE OFFENSE — THAT FOR PURPOSES OF 'STRUCTURAL ERROR' IN THIS APPEAL,... "CAN'T CATEGORICALLY QUALIFY," AS A FEDERAL CRIME OF VIOLENCE, THAT, "ALWAYS REQUIRES THE GOVERNMENT TO PROVE — 'BEYOND A REASONABLE DOUBT',.. AS AN ELEMENT OF ITS CASE, THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE". (CITING TAYLOR'S BRIGHT-LINE RULE, SEE 142 S.CT. AT 2020)(EMPHASIS ADDED); MAKING MR MCCANTS JURY TRIAL CONVICTION, WITHOUT '— A JURY CHARGE, OR INSTRUCTION, ON THE ELEMENTS OF THE "ELEMENTS CLAUSE". 'CONSTITUTES,' AN "ILLEGAL DIRECTED VERDICT" IN THIS MATTER, WHERE, THE GOVERNMENT'S "BURDEN OF PROOF,' UNDER THE 'ELEMENTS CLAUSE' WASN'T "SATISFIED BEYOND A REASONABLE DOUBT.". AND NOW WITH INVALIDATION OF THE RISK-CLAUSE... ANY AFFIRMANCE HEREIN, WITHOUT '. A JURY FINDING TO SATISFY THE CRIME OF VIOLENCE JURISDICTIONAL ASPECT AS CITED SUPRA, WOULD UNDISPUTABLY VIOLATE MR MCCANTS'S DUE PROCESS RIGHTS TO 'FAIR NOTICE' AND UNCONSTITUTIONALLY CIRCUMVENTS A 'BRIGHT LINE RULE' BY THE SUPREME COURT AND PURPOSE OF RULE 52(A) SEE BANK OF NOVA SCOTIA V. UNITED STATES, 487 U.S. 250, 254, 108 S.CT. 2369, 2373, 101 L.Ed. 2d 228 (1988); ESP, WHERE A

P.6  DENIAL IN THIS INSTANCE AND CLEAR PLEADING WOULD SOLELY

HIS FUNDAMENTAL RIGHTS UNDER DUE PROCESS OF LAW TO
ASSERT AN "AFFIRMATIVE DEFENSE", OR, AS RULE 30 MANDATES,
MAKE AN "SPECIFIC OBJECTION", TO THE TRIAL COURT'S JURY
CHARGE OR INSTRUCTION. CF., UNITED STATES V. JUNIOR ABREU, NO. 20-
2786 (MAY 2, 2022)("RECOGNIZES 4B1.1, 4B1.2 AND 2K2.1 AS THE
SAME CRIME OF VIOLENCE LANGUAGE AND CONSPIRACY DOESN'T
QUALIFY "UNDER THAT ENHANCEMENT)(CITING FOR ANALOGICAL
REASONING)(EMPHASIS ADDED)

INTERVENING CHANGES IN LAW
AND AUTHORITY, COMPELLS A
DIFFERENT OUTCOME HEREIN.

IN LIGHT OF MR MCCANTS BEING TRIED AND CONVICTED, IN
JANUARY OF 2018. - ALMOST... A YEAR IN A HALF, BEFORE DAVIS,
588 S.CT. __ (2019) CALLED INTO QUESTION THE "CONDUCT BASED
APPROACH," AND, "RISK-CLAUSE ENHANCEMENT PENALTY," THAT
WAS APPLIED IN THE MOVANT'S JUDICIAL PROCEEDING, BY THE
"OPERATION OF LAW" AND "JUDICIAL CHARGING HABIT "OF THE
U.S. ATTORNEY IN THIS MATTER.

HIS CONVICTION AND SENTENCE OF LIFE, FOR THE OFFENSES OF
"ATTEMPTED MURDER" - "CONSPIRACY TO COMMIT MURDER," - AND..
"CONSPIRACY TO COMMIT RACKETEERING ACTIVITY, I.E. ROBBERY,
AND, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT
TO DISTRIBUTE CONTROLLED SUBSTANCE; AND, DISTRIBUTION AND
POSSESSION WITH THE INTENT TO DISTRIBUTE CONTROLLED SUB-
STANCES".. REQUIRES AUTOMATIC REVERSAL OF MR MCCANTS
CONVICTION, WHERE.. AS HERE.. THE MOVANT WAS SENTENCED

BE TO DEFEAT THE ENDS OF JUSTICE, IN LIGHT OF 'JUDICIAL
BIASNESS' AND 'NON-SUBSTANTIVE COMPLIANCE' WITH THE DAVIS
MANDATE, AND THE FEDERAL RULES OF CRIMINAL PROCEDURE 30,
51 AND RULE 52(A); CF., WITT V. MERRILL, 208 F.2d 285 (4TH CIR. 1953)
(RULES MUST NOT BE TRANSFORMED BY JUDICIAL INTERPRETATION
INTO TECHNICAL TRAPS FOR UNWARY; RULES SHOULD BE LIBERALLY
CONSTRUED AND REVIEW SHOULD NOT BE DENIED ON MERE TECHN-
ICALITIES WHERE THIS CAN BE AVOIDED), CF., ALSO, CONSOLIDATED
CITRUS CO. V. GOLDSTEIN, 214 F. SUPP. 823, 6 FED. R. SERV. 2d (CALLAGH,
83 (E.D. PA. 1963) (RULES SHOULD BE LIBERALLY CONSTRUED IN ORDER
TO BRING ABOUT FAIR AND IMPARTIAL ADMINISTRATION OF JUSTIC
SEE ALSO EXHIBIT (A)(JURY VERDICT FORM)

[STRUCTURAL ERROR] (BURDEN OF PROOF)

IN LIGHT OF THE FACTS THAT, "CONSPIRACY TO COMMIT, OR PARTI-
CIPATE, IN THE AFFAIRS OF A RACKETEERING ENTERPRISE," IS NOT
A "FEDERAL CRIME OF VIOLENCE" - THAT "ALWAYS REQUIRES THE
GOVERNMENT TO PROVE, BEYOND A REASONABLE DOUBT, ... AS
AN ELEMENT OF ITS CASE, "THE USE, ATTEMPTED USE, OR THREA
ENED USE OF FORCE." TAYLOR, 142 S.CT. AT 2020, (EMPHASIS
ADDED)! SEE ALSO, E.G., DELLIGATTI V. U.S., NO. 23-825 (2024).
THE MOVANT LAWFULLY REASONS THAT IT WAS "STRUCTURAL
ERROR" FOR THE TRIAL COURT TO 'MISSTATE' THE GOVERN-
MENT'S BURDEN, AS TO IT'S "REASONABLE DOUBT INSTRUCTION,"
WHERE, THE GOVERNMENT - FOR PURPOSES OF "STRUCTURAL
ERROR" - CIRCUMVENTED THE 'ELEMENTS' OF HIS OFFENSE ...
WHICH ALSO COUNTS AS AN "ILLEGAL DIRECTED
VERDICT" BY THE COURT, BECAUSE THE JURY INSTRUCTION

PG7

GIVEN AT MR MCCANTS JURY TRIAL, VIOLATED "DUE PROCESS," BECAUSE IT "OBVIATED THE REQUIREMENT THAT THE PROSECUTOR PROVE ALL THE ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT." SEE ANDERSON V. HARLESS, 459 U.S. 4, 103 S.CT. 276, 74 L.Ed. 2d 3 (1982)(CITING SANDSTORM V. MONTANA, 442 U.S. 510, 99 S.CT. 2450, 61 L.Ed. 2d 39 (1979)) ADDITIONALLY, IT WAS "STRUCTURAL ERROR," FOR THE TRIAL COURT TO INTERFER WITH MR MCCANTS JUDICIAL PROCESS BY THE WILL OF THE COURT'S AUTHORITY. SEE E.G., UNITED STATES V. TAYLOR, 3 MCCRARY, 500, 11 FED. 470, "WHAT THE JUDGE IS FORBIDDEN TO DO DIRECTLY, HE MAY NOT DO BY INDIRECTION." PETERSON V. UNITED STATES, 130 C.C.A. 398, 213 FED. 920, "HE MAY ADVISE; HE MAY PERSUADE; BUT HE MAY NOT COMMAND OR COERCE. HE DOES COERCE WHEN, WITHOUT CONVINCING THE JUDGMENT, HE OVERCOMES THE WILL BY THE WEIGHT OF HIS AUTHORITY." SEE E.G., HALL V. HALL, L.R. 1 PROB. & DIV. 481, 482, 37 L.J. PROB. N.S. 40, 18 L.T. N.S. 152, 16 WEEK. REP. 544; CF. R.O. V. STATE, 46 SO. 3d 124, 126 (FLA. 3d DCA 2010)("WHEN A JUDGE ENTERS INTO THE PROCEEDINGS AND BECOMES A PARTICIPANT OR AN ADVOCATE, A SHADOW IS CAST UPON JUDICIAL NEUTRALITY.")

[ JUDICIAL INTERFERENCE ]

IN LIGHT OF THE PRINCIPLE AND ABA PROFESSIONAL ETHICS COMMITTEE RULE THAT, "A JUDGE SHOULD NOT BE A PARTY TO ADVANCE ARRANGEMENTS FOR THE DETERMINATION OF

PG8

SENTENCE, WHETHER AS A RESULT OF A GUILTY PLEA OR A FINDING OF GUILT BASED ON PROOF." SEE. 51 A.B.A. J. 444 (1965) - IT WAS 'REVERSABLE ERROR', FOR MR MCCANTS'S TRIAL COURT TO ISSUE A "DIRECTED VERDICT," IN ORDER TO "FIND-FACTS" AGAINST MR MCCANTS, THAT HIS 'JURY PANEL' DIDN'T FIND DURING IT'S JURY DELIBERATIONS "BEYOND A REASONABLE DOUBT," APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000); SEE ALSO, E.G., ERLINGER V. UNITED STATES, 2024 U.S. LEXIS 2715 (2024) ("FIFTH AND SIXTH AMEND-MENT REQUIRES A JURY AND NOT A JUDGE TO FIND-FACTS THAT INCREASE THE PRESCRIBED RANGE OF PENALTIES TO WHICH A CRIMINAL DEPENDANT IS EXPOSED.") (EMPHASIS ADDED) ESP., WHERE AS A RULE OF FEDERAL COURTS - THAT ITS THE JURY IN CRIMINAL CASES THAT RENDERS A GENERAL VERDICT ON THE LAW AND THE FACTS. AND THAT THE JUDGE IS WITHOUT POWER TO DIRECT A VERDICT OF GUILTY ALTHOUGH NO FACT IS IN DISPUTE. SEE, UNITED STATES V. TAYLOR, 3 MCCRARY, 500. 11 FED. 470; SEE, ATCHISON, T. & S.F.R. CO. V. UNITED STATES, 27 L.R.A. (N.S. 756, 96 C.C.A. 646, 172 FED. 194;

HERE, MR MCCANTS ASSERTS THAT "AUTOMATIC REVERSAL" IS APPROPRIATE AND JUSTIFIED IN THIS MATTER. WHERE, HIS TRIAL COURT (INDEPENDENTLY) UNDER JUDICIAL BIASNESS; ENTERED INTO MR MCCANTS'S TRIAL PROCESS AND SENTENCING FUNCTION, AS A PARTICIPANT AND ADVOCATE, TO FIND-FACTS THAT, AS A MATTER OF LAW, BELONGED TO A JURY'S DETERMINATION 'BEYOND A REASONABLE DOUBT', ERLINGER. AND, THAT IT WAS "ILLEGAL, UNDER THE FIFTH AND SIXTH AMENDMENT OF THE U.S. CONSTITUTION,".. FOR HIS 'TRIAL JUDGE' TO GO BEHIND

THE MOVANT'S "JURY VERDICT DETERMINATION," IN ORDER
TO MAKE FINDINGS OF FORESEEABILITY TO MR MCCANTS,
THAT HIS JURY PANEL, 'LAWFULLY CONSIDERED,' DURING
IT'S DELIBERATION, BUT <u>DIDN'T FIND</u>, OR <u>CONTRIBUTE
LIABILITY</u>, FOR THOSE ACTS TO MR MCCANTS, SEE E.G.,
ATTACHMENT EXHIBIT (A)(MR MCCANTS'S JURY VERDICT
FORM, CASE # JKB-16-0363, JAN 26, 2018), AND VIOLATES
MR MCCANTS'S DUE PROCESS RIGHTS UNDER THE 6TH
AND 5TH AMENDMENT, TO A JURY'S 'DETERMINATION BEYOND
A REASONABLE DOUBT,' ERLINGER 2024 U.S. LEXIS 2715
(2024), SEE ALSO, ALLEN V. UNITED STATES, 570 U.S. 99 (2013)
(PRINCIPLE THAT ONLY A JURY MAY DETERMINE FACTS
THAT INCREASE PENALTIES APPLIES WHEN A COURT IMPOSES
A SENTENCE THE EXCEEDS THE MAXIMUM PENALTY
AUTHORIZED BY A JURY'S FINDINGS AND INCREASES THE
MINIMUM PUNISHMENT), AND ALSO 'VIOLATES' MR MCCANTS'S
7TH AMENDMENT RIGHTS TO "TRIAL BY JURY," FOR DISPUTES
EXCEEDING #20, WHERE HIS SENTENCING COURT USED
THE 'WEIGHT OF IT'S AUTHORITY TO OVERRULE THE
JURY'S FACT-FINDINGS' AT SENTENCING, IN ORDER TO
FIND - "BY A PREPONDERANCE OF THE EVIDENCE STANDARD,'
THAT IT WAS 'FORESEEABLE TO MR MCCANTS,' THAT
DURING THE COURSE OF THE CONSPIRACY- HE (MR MCCANTS)
OR SOME OTHER MEMBER WOULD COMMIT MURDER." CF.,
PG 10   ALLEN V. UNITED STATES, 570 U.S. 99 (2013), CF., ALSO, JAMES
V. UNITED STATES, 550 U.S. 192, 231 (2007), BUT SEE ALSO, E.G.,

WILLIAMS V. PENNSYLVANIA, 579 U.S. 1, 9, 136 S.CT. 1899, 195 L.Ed. 2d
132 (2016)("DUAL POSITION AS ACCUSER AND DECISIONMAKER,
VIOLATES THE DUE PROCESS" RIGHTS OF THE ACCUSED).
THE TRIAL COURT/SENTENCING COURT'S "IMPROPER FACT-
FINDING," IN LIGHT OF "JUDICIAL INTERFERENCE," DENIED MR
MCCANTS, RIGHTS TO AN ACCURATE AND FAIR SENTENCING
PROCESS, COLEMAN V. UNITED STATES, 123 U.S. APP. D.C. 103, 357
F.2d 570 (1965)("BROAD AS HIS DISCRETION MAY BE A SENTENCING
JUDGE MUST ALWAYS CONFORM WITH THE LAW GOVERNING
THE SENTENCING FUNCTION." (CITING U.S. V. LEWIS, 392 F.2d 440
(4TH CIR. 1968) CF. BRADLEY V. RICHMOND SCHOOL BOARD, 416 U.S.
696, 711, 94 S.CT. 2006, 2016, 40 L.Ed. 2d 476 (1974) (THE COURTS
GENERALLY APPLY THE LAW AS IT EXISTS WHEN IT RENDERS
ITS DECISION)

PROHIBITED ADVISORY
OPINIONS BY THE COURTS.,
SEE E.G., CASE-OR-CONTROVERSY REQUIREMENT..
IN LIGHT OF THE "RULE OF LAW AND CLEAR PRINCIPLE" THAT,...
FEDERAL COURTS ARE PROHIBITED BY LAW, FROM ISSUING "ADVISORY
OPINIONS," OR "INTERFERENCE," BY DISPENSING LEGAL ADVICE TO THE
GOVERNMENT AS A PARTY; SEE E.G., CONSTITUTIONAL LAW 69. C.J.S
CONSTITUTIONAL LAW 5174; "WHEN A JUDGE ENTERS INTO THE
PROCEEDINGS AND BECOMES A PARTICIPANT OR AN ADVOCATE. A
SHADOW IS CAST UPON JUDICIAL NEUTRALITY." QUOTING R.O. V.
STATE. 46 SO. 3d 124, 126 (FLA. 3d DCA 2010)
HERE, MR MCCANTS ASSERTS THAT IT WAS "REVERSABLE
ERROR," AND IN VIOLATION OF "DUE PROCESS RIGHTS" TO A

PG 11.

"FAIR AND NEUTRAL COURT DECISION," FOR THE MOVANT'S SENTENCING COURT/TRIAL COURT, TO BECOME AN "ADVOCATE FOR THE GOVERNMENT" DURING HIS SENTENCING FUNCTION, BY PARTICIPANTING AND ADVANCING THE DETERMINATION OF MR MCCANTS'S LIFE SENTENCE, SEE E.G. TRANSCRIPT OF PROCEEDINGS, CASE NO. JKB-16-0363, JUNE 20TH 2019. BEFORE JAMES K. BREDAR ((THE COURT : OKEY. ALL RIGHT. THE NEXT SET OF QUESTIONS IS FOR MR. MARTINEZ, YOU AGREE THAT WHEN THE JURY RETURNED THEIR VERDICT IN THIS CASE, SPECIFICALLY THEIR GUILTY VERDICT ON COUNT 1, THERE WAS NOT, WITH RESPECT TO THIS DEFENDANT, A FINDING OF HIS INVOLVEMENT IN MURDER? WAS IT FIRST DEGREE MURDER? GET THE VERDICT FORM. THANK YOU. I WANT TO GET IT EXACTLY RIGHT. FIRST DEGREE MURDER OR SECOND DEGREE MURDER. YOU AGREE?

   MR. MARTINEZ : I THINK WHAT THE JURY'S VERDICT REFLECTS, YOUR HONOR, IS THAT -- AND THE MANNER IN WHICH THEY WERE INSTRUCTED WAS, THEY WERE TO MAKE A DETERMINATION AS TO THOSE PREDICATES, WHETHER THEY WERE REASONABLY FORESEEABLE TO MR MCCANTS IN CONJUNCTION WITH THE CONSPIRACY. SO I DON'T THINK THEIR FAILURE TO CHECK THOSE BOXES NECESSARILY REFLECTS A DETERMINATION THAT HE WASN'T INVOLVED IN MURDER. I THINK THE QUESTION THEY WERE ASKED TO DECIDE IS WERE THOSE CRIMES REASONABLY FORESEE-ABLE TO HIM. (HEREAFTER THE GOVERNMENT ))

PG12

ACTED AS A 3RD PARTY GOVERNMENT ADVOCATE, IN LIGHT OF
'JUDICIAL BIASNESS', AND 'PARTICIPATED FULLY' AS SUCH, IN
ORDER TO 'OVERRULE OR MODIFY HIS JURY'S FACT-FINDING' BY
AN INVALID AND UNCONSTITUTIONAL BENCH TRIAL. CF. UNITED
STATES V. MARTIN LINEN SUPPLY CO., 430 U.S. 564, 572, 97 S.CT. 1349,
1355, 51 L.Ed. 2d 642 (1977) (THE JURY WOULD HAVE FULFILLED ITS
CONSTITUTIONAL FUNCTION TO "STAND BETWEEN THE ACCUSED
AND A POTENTIALLY ARBITRARY OR ABUSIVE GOVERNMENT THAT
IS IN COMMAND OF THE CRIMINAL SANCTION") (EMPHASIS ADDED). CF.
ALSO, WILLIAMS V. PENNSYLVANIA, 579 U.S. 1, 9, 136 S.CT. 1899, 195
L.Ed. 2d 132 (2016) ("DUAL POSITION AS ACCUSER AND DECISION-
MAKER, VIOLATES THE DUE PROCESS" RIGHTS OF THE ACCUSED ) —

     MR MARTINEZ (HEREAFTER GOVERNMENT) — BUT
FOR PURPOSES OF THIS PROCEEDING, YOUR HONOR, WE'RE
GOING TO TAKE THE POSITION THAT THE EVIDENCE
AT TRIAL ESTABLISHED BY FAR MORE THAN A PRE-
PONDERANCE THAT MR MCCANTS DID IN FACT COMMIT
MURDERS, THAT HE ATTEMPTED TO COMMIT MURDERS
AND CONSPIRED TO COMMIT MURDERS, AND DISCUSSED
OTHER MURDERS THAT WERE COMMITTED BY MEMBERS
OF THIS GANG.
AND UNDER SECTION 6A1.3 OF THE SENTENCING GUIDE-
LINES, THE COURT HAS THE LATITUDE HERE TO USE A
PREPONDERANCE OF THE EVIDENCE STANDARD WHEN
CONSIDERING RELEVANT CONDUCT EVEN IF IT'S ACQUITTED
CONDUCT. AND UNDER THE SUPREME COURT'S DECISION

PB 13

IN WATTS -- AND I'M NOT PREPARED TO CONCEDE, YOUR
HONOR, THAT WITH RESPECT TO WHICH MURDER WAS
FORESEEABLE, THAT THAT'S ACQUITTED CONDUCT. HE
WAS CONVICTED OF THE SUBSTANTIVE COUNT. THESE WERE
VERDICTS AS TO WHICH PREDICATES WERE FORESEEABLE.
BUT EVEN ACCEPTING THAT THAT IS ACQUITTED CONDUCT,
THE COURT HAS THE LATITUDE UNDER THE SUPREME COURT'S
DECISION IN WATTS AND SECTION 6A1.3 OF THE GUIDELINES
TO NONETHELESS MAKE ITS OWN ASSESSMENT AS TO
WHETHER OR NOT THE EVIDENCE PRESENTED AT TRIAL, WITH
RESPECT TO THAT CONDUCT, AND WE'VE OUTLINED IT ALL IN
OUR SENTENCING MEMO, I'M PREPARED TO DO IT NOW OR
DURING A LATER ORAL ARGUMENT, IT IS "OUR POSITION THAT
THE EVIDENCE PRESENTED AT TRIAL," STANDING ON IT'S
"OWN," "IS" MORE THAN SUFFICIENT TO JUSTIFY APPLICATION
OF THE FIRST DEGREE MURDER GUIDELINE" IN THE SENTENCING.--
(EMPHASIS ADDED)

　　　　THE COURT: WHAT DO I DO WITH A CIRCUMSTANCE
OF -- MY OWN VIEW AS A JUDGE IS THAT IT'S INAPPROPRIATE
TO IMPOSE A SENTENCE THAT IS ROOTED IN A FINDING THAT
THERE'S A PREPONDERANCE OF EVIDENCE THAT SUPPORTS
THE ALLEGATION THAT, LET'S SAY THERE WAS A MURDER,
THAT I -- WHAT DO I DO IF I'M IN THE CIRCUMSTANCE
WHERE MY VIEW IS, THERE IS, BY A PREPONDERANCE OF
THE EVIDENCE -- BY A PREPONDERANCE OF THE

PG 14

EVIDENCE, THERE IS PROOF THAT THIS DEFENDANT

COMMITTED A MURDER, BUT I'M NOT PREPARED TO SAY THAT
THERE'S, IN THIS HYPOTHETICAL, PROOF BEYOND A REASONABLE
DOUBT TO THAT EFFECT?
THE SUPREME COURT HAS SAID THAT A COURT MAY APPLY
THE MURDER GUIDELINE IN THOSE CIRCUMSTANCES, APPLYING
IT TO THE RELEVANT CONDUCT. BUT HAS THE — DOES THE
OPINION ESSENTIALLY SAY THE COURT MUST? —

MR MCCANTS POINTS OUT THAT THE ABOVE EXCHANGE,
SHOWS THAT THE TRIAL COURT — EVEN AS A HYPOTHETICAL,...
TOOK 'JUDICIAL NOTICE,' THAT THE GOVERNMENT'S EVIDENCE,
DIDN'T SATISFY THEIR BURDEN OF PROOF —'BEYOND A
REASONABLE DOUBT,' AS TO 1ST DEGREE MURDER, WHICH
* MR MCCANTS'S JURY PANEL DIDN'T FIND BEYOND A REASON
ABLE, UNITED STATES V. HAYMOND, 588 U.S. 634 (2019), SEE ALSO,
ALLEYNE V. UNITED STATES, 570 U.S. 99 (2013)(PRINCIPLE THAT
ONLY A JURY MAY DETERMINE FACTS THAT INCREASES PENALTIES
APPLIES WHEN A COURT IMPOSES A SENTENCE THAT EXCEEDS
THE MAXIMUM PENALTY AUTHORIZED BY A JURY'S FINDING AND
INCREASES THE MINIMUM PUNISHMENT)
THE FOLLOWING EXCHANGE BETWEEN MR MCCANTS'S
TRIAL/SENTENCING COURT, AND THE GOVERNMENT, SHOWS
'PROHIBITED ADVISORY OPINIONS,' BY THE COURTS, THAT DENIED
THE MOVANT A 'FAIR PROCESS,' BY A 'NEUTRAL ADJUDICATOR,'
AND ALSO VIOLATED MR MCCANTS'S DUE PROCESS RIGHTS,
FOR HIS TRIAL COURT TO BE THE "FACT-FINDER AND
ACCUSER," DURING HIS JUDICIAL PROCESS, SEE WILLIAMS

PG 15

V. PENNSYLVANIA, 579 U.S. 1, 9, 136 S.CT. 1899, 195 L. Ed. 2d
132 (2016) ("DUAL POSITION AS ACCUSER AND DECISIONMAKER,
VIOLATES THE DUE PROCESS" RIGHTS OF THE ACCUSED)

THE COURT: NO, I'M SATISFIED THAT THE STANDARD
IN THIS CIRCUIT IS PREPONDERANCE.

THE GOVERNMENT: OKAY.

THE COURT: AND IT'S PARTICULARLY TRUE WHEN
THERE ISN'T A HUGE SWING IN THE GUIDELINES AT RISK
IN THE CASE --

THE GOVERNMENT: RIGHT

THE COURT: -- BY VIRTUE OF BRINGING THE
RELEVANT CONDUCT IN, WHICH IS, YOU KNOW, THESE "PRINCIPLES,
IN AIR QUOTES, THAT COME FROM THE SENTENCING GUIDELINES
AND THE SENTENCING COMMISSION.

SO I AM WITH YOU COMPLETELY ON THAT, BUT DO YOU
UNDERSTAND WHAT MY QUESTION IS? MY QUESTION ISN'T
ABOUT MAY, IT'S ABOUT MUST.

THE GOVERNMENT: CORRECT, YOUR HONOR.

THE COURT: I'M PRETTY CLEAR ON WHAT THE
LAW IS IN TERMS OF WHAT I COULD DO.

THE GOVERNMENT: WELL, I THINK AS A PRACTICAL
MATTER, YOUR HONOR, OUR POSITION IS THAT THE EVIDENCE
INTRODUCED AT TRIAL, ESPECIALLY THE RECORDING OF MR.
MCCANTS IN CDF TELLING NORMAN HANDY ABOUT THE
PG16 MURDER, HIS ATTEMPT TO MURDER GREGORY BESS IN (2017)

THE COURT: ABSOLUTELY, AND WE'RE GOING TO
TALK ABOUT THIS SEPARATELY, BECAUSE THE SENTENCING
COMMISSION HAS SOMETHING TO SAY ABOUT THAT AS WELL.)))
CITED, VERBATIM AC LITTERATIM FOR PURPOSES OF 'PROOF'
HEREIN; —

THE ABOVE EXCHANGE BETWEEN MR MCCANTS'S
TRIAL/SENTENCING COURT, AND THE GOVERNMENT,
HEREIN,'SHOWS' THAT HIS TRIAL COURT TOOK 'JUDICIAL
NOTICE' OF THE FOLLOWING FACTS—(1)'THE JURY WAS
INSTRUCTED TO MAKE A DETERMINATION ON WHETHER
1ST DEGREE MURDER OR 2nd DEGREE MURDER WAS
REASONABLY FORESEEABLE TO MR MCCANTS, IN
FURTHERANCE OF THE RACKETEERING ENTERPRISE',
WHICH THE JURY DIDN'T FIND MR MCCANTS GUILTY
OF DURING ITS DELIBERATION,...AND (2) THAT 'THE JURY
DIDN'T MAKE THAT FINDING 'BEYOND A REASONABLE
DOUBT' AS TO MR MCCANTS' CF., ALLEN V. UNITED STATES.
570 U.S. 99 (2013), CF., ERLINGER V. U.S, 2024 U.S. LEXIS
2715 (2024),—THATS UNDISPUTABLE HEREIN, AND THAT
THE FOLLOWING EXCHANGE CITED 'VERBATIM AC LITTERATIM'
(WORD FOR WORD LETTER FOR LETTER) SHOWS UNDISPUTABLE
PROOF—IF TRUE,— OF MR MCCANTS'S TRIAL/SENTENCING
COURT, ISSUING NOT ONLY 'PROHIBITED ADVISORY OPINIONS'
TO THE GOVERNMENT PARTY, TO "DEFEAT THE ENDS OF
JUSTICE" AND MR MCCANTS'S "JURY VERDICT." BUT ALSO

PG 17

THE COURT: WELL, LET'S JUST CUT TO THE CHASE. THE COURT, IN SENTENCING THE DEFENDANT ON A CONSPIRACY TO PARTICIPATE IN THE AFFAIRS OF A RACKETEERING ENTERPRISE CHARGE, HAS AT ITS DISPOSAL A SENTENCING RANGE OF NO YEARS TO LIFE IN PRISON WITHOUT THE POSSIBILITY OF PAROLE; TRUE?

THE GOVERNMENT: THAT'S AS TO COUNT 1, BUT THERE IS A MANDATORY TEN-YEAR --

THE COURT: WE'RE NOT TALKING ABOUT ANY OTHER COUNTS RIGHT NOW OTHER THAN COUNT 1.

THE GOVERNMENT: YES.

THE COURT: OKAY. AND IN MAKING THAT DETERMINATION THOUGH, THE SENTENCING COMMISSION, AT LEAST, DIRECTS THE COURT TO CONSIDER THE UNDERLYING RACKETEERING ACTIVITY THAT THE JURY FOUND FORESEEABLE TO THE DEFENDANT IN DECIDING WHICH PROVISIONS OF THE FEDERAL SENTENCING GUIDELINES TO APPLY.

THE GOVERNMENT: YES.

THE COURT: OKAY. AND SPECIFICALLY THEY WOULD SUGGEST THAT FIRST DEGREE MURDER, SECOND DEGREE MURDER, THAT SORT OF THING, WOULD TRIGGER THE FIRST DEGREE -- THE APPLICABILITY OF THE FIRST DEGREE MURDER SENTENCING GUIDELINE; TRUE?

THE GOVERNMENT: YES.

* THE COURT: OKAY. HOW DO WE GET TO THE APPLICATION OF THE FIRST DEGREE MURDER GUIDELINE IN CIRCUMSTANCES WHEN WE DON'T HAVE A JURY FINDING THAT THE FIRST DEGREE MURDER OR SECOND DEGREE MURDER WERE FORESEEABLE TO THIS DEFENDANT?

THE GOVERNMENT: YES. YOUR HONOR. WELL, I WOULD NOTE FIRST THAT THE JURY DID FIND THAT ATTEMPTED MURDER CONSPIRACY --

PG 18

WHEN HE SHOT HIM SEVERAL TIMES. HIS DISCUSSION OF THE --

THE COURT: WHOA, WHOA, WAIT, TOTALLY DIFFERENT.
GREGORY BESS DIDN'T DIE.

THE GOVERNMENT: YES, BUT THE QUESTION THE
JURY WAS ASKED TO DECIDE WITH RESPECT TO FIRST DEGREE
MURDER WAS NOT WHETHER MR. MCCANTS ACTUALLY COMMITTED
ANY FIRST DEGREE MURDERS, IT WAS WHETHER IT WAS REASON-
ABLY FORESEEABLE TO HIM, EITHER WHEN HE JOINED THE
RACKETEERING CONSPIRACY OR ANY POINT THEREAFTER, THAT
HE OR ANY OTHER MEMBER WOULD COMMIT THAT TYPE OF
CRIME.

THE COURT: YEAH, BUT THE PROBLEM IS THAT
THE GUIDELINES GLOSS OVER THAT AND BASICALLY SAY APPLY
THE MURDER GUIDELINE, MEANING SOMEBODY GOT MURDERED.
AND THE MURDER GUIDELINE IS DIFFERENT FROM THE ATTEMP-
TED MURDER GUIDELINES.

THE GOVERNMENT: THATS CORRECT, YOUR HONOR, BUT
IT'S STILL ROOTED IN THE FINDING THE JURY HAS TO MAKE,
WHICH IS BASED ON FORESEEABILITY FOR PURPOSES OF
RACKETEERING CONSPIRACY.

THE COURT: WHAT DOES THE SENTENCING COMMISSON
DO WITH A CONSPIRACY TO COMMIT MURDER, WHAT'S THE BASE
OFFENSE LEVEL FOR THAT?

THE GOVERNMENT: I BELIEVE IT -- IT'S THE GUIDELIN
LEVEL FOR THE COMPLETED OFFENSE, I BELIEVE. SO THIS IS
GUIDELINE 2A1.5, YOUR HONOR.

THE COURT: I'M STILL TURNING TO IT. JUST A SECOND

PB19

RIGHT. IT'S THE SAME AS ATTEMPT, ISN'T IT?

THE GOVERNMENT: WELL, THERE'S A CROSS REFERENCE IN SECTION 2A1.5 (C) FOR SITUATIONS WHERE THE OFFENSE RESULTED IN THE DEATH OF A VICTIM.

THE COURT: ALL RIGHT. SO THE GOVERNMENT'S THEORY THEN WOULD BE THAT BY VIRTUE OF THE FINDING OF FORESEEABILITY OF CONSPIRACY TO COMMIT MURDER, THE JURY THEN SET IN MOTION A PROCESS BY WHICH THE COURT SHOULD ULTIMATELY APPLY 2A1.5 (C)(1), AND DO THAT IN REFERENCE TO WHICH SPECIFIC MURDER?

THE GOVERNMENT: I THINK THERE ARE ANY NUMBER OF MURDERS THAT THE COURT COULD CHOOSE. THERE IS -- CLEARLY THE MURDER OF MOSES MALONE IS ONE EXAMPLE. MR. MCCANTS'S DISCUSSION WITH NORMAN HANDY IN THE JAIL IN SEPTEMBER OF 2017 ABOUT HOW WESLEY BROWN DISPOSED OF THE MURDER WEAPON AND WHO MIGHT BE TESTIFYING FOR THE GOVERN- MENT WITH RESPECT TO THAT MURDER AT TRIAL, IS EVIDENCE OF AN ONGOING CONSPIRACY AMONGST CRIMINAL GANG MEMBERS AND CO-DEFENDANTS IN THE SAME CASE, TO IDENTIFY AND TO POTENTIALLY TAMPER WITH WITNESSES.

THE COURT: "WHERE'S THE EVIDENCE SPECIFICALLY OF FORESEEABILITY ON MCCANTS?" "IS THE FACT THAT HE ATTEMPTED TO KILL MR. BESS

EVIDENCE OF HIS -- OF THE FORESEEABILITY TO HIM OF OTHER MURDERS THAT YOU PROVED AT TRIAL THAT THE GANG COMMITTED, BUT YOU MIGHT NOT HAVE SHOWN THAT MR. MCCANTS WAS DIRECTLY INVOLVED IN. NONETHELESS EVIDENCE OF THE -- IS THAT NONETHELESS A MURDER SHOWN TO BE FORESEEABLE TO HIM BY VIRTUE OF HIS CONDUCT IN SHOOTING MR. BESS?

THE GOVERNMENT: I THINK THAT'S CORRECT, YOUR HONOR. AND I THINK IT'S NOT JUST A SHOOTING OF MR. BESS. FIRST OF ALL, WITH RESPECT TO THE SHOOTING OF MR. BESS, I DO THINK THAT FROM A GUIDELINES POINT OF VIEW, IT'S NONSENSICAL THAT BECAUSE GREGORY BESS WAS SHOT SEVEN TIMES BUT SURVIVED, SOMEHOW THAT MEANS THAT FIRST DEGREE MURDER WAS NOT FORESEEABLE TO MR. MCCANTS.

THE COURT: MAYBE THAT'S AN UPWARD VARIANCE ARGUMENT.

THE GOVERNMENT: WELL, IT CERTAINLY IS. BUT WITH RESPECT TO THE FINDING THE JURY HAD TO MAKE --

THE COURT: THERE'S A LOT ABOUT THE SENTENCING GUIDELINES THAT ARE MECHANICAL TO THE POINT OF MENTAL TORTURE.

THE GOVERNMENT: BUT WITH RESPECT TO THE FIND --

THE COURT: AND IN THE PROCESS INVOLVE, NO PUN INTENDED, A DEPARTURE FROM THE LOGIC THAT IS GENERALLY USED BY PEOPLE IN ASSESSING THE CULPABILITY OF OFFENDERS

PB 21

FOR ACTS OF MISCONDUCT. I MEAN, WE QUICKLY GET OFF INTO THIS ESOTERIC DISCUSSION ABOUT CROSS REFERENCES, BASE OFFENSE LEVELS, AND SO FORTH. AND SOMEWHERE WHAT GETS LOST IN THE PROCESS ARE SALIENT FACTS, LIKE SHOOTING SOMEBODY SEVEN TIMES IN THE LEGS AND OTHER PARTS OF THEIR BODY.

THE GOVERNMENT: CORRECT.

THE COURT: NONETHELESS, I'M REQUIRED BY THE LAW TO FAITHFULLY COMPUTE THE SENTENCING GUIDELINES AS THE FIRST PART OF THE SENTENCING PROCESS. AND THAT'S WHAT I'M TRYING TO DO.

THE GOVERNMENT: AND I UNDERSTAND, YOUR HONOR. AND I UNDERSTAND THAT WE'RE HAVING THE DISCUSSION AS TO WHETHER THE GUIDELINES FOR FIRST DEGREE OUGHT TO APPLY. AND WHAT "I'M ATTEMPTING TO EXPLAIN TO THE COURT IS THAT THE COURT'S DETERMINATION AS TO WHETHER THAT GUIDELINE APPLIES IS ROOTED IN THE SAME FINDING THE JURY HAD TO MAKE, WHICH THE COURT NEEDS TO FIND -- BY WHATEVER EVIDENTIARY STANDARD IT DECIDES TO BE APPROPRIATE, WE THINK IT'S ALLOWED TO APPLY A PREPONDERANCE STANDARD -- BUT THE COURT NEEDS TO FIND THAT IT WAS FORESEEABLE TO MR. MCCANTS DURING THE COURSE OF THIS CONSPIRACY THAT HE OR SOMEOTHER MEMBER WOULD COMMIT MURDER. THE COURT DOES NOT NEED TO FIND THAT HE ACTUALLY COMMITTED A FIRST DEGREE MURDER."

P622

ALTHOUGH, THERE WAS ABUNDANT PROOF OF THAT WITH RESPECT TO @HIS CONFESSION TO NORMAN HANDY. (EMPHASIS ADDED)

THE COURT: THE POINT IS THIS, MR. MARTINEZ, IF I MAKE THAT DETERMINATION WITH RESPECT TO CONSPIRACY TO COMMIT MURDER, THE OTHER ISSUES THAT YOU AND I WERE DEBATING AT THE START OF THIS BECOME MOOT. FOR PURPOSES OF THE GUIDELINE CALCULATION, THEY BECOME MOOT BECAUSE I'M ALREADY AT 43.

THE GOVERNMENT: IF YOU APPLY THE CROSS REFERENCE WE WERE JUST DISCUSSING, YES.

THE COURT: RIGHT. THAT'S WHY I HAVE JUMPED TO THIS POINT, BECAUSE I FIND THE OTHER ONE PERPLEXING. ALL RIGHT. MS. WICKS. YOU UNDERSTAND WHAT THE ISSUE OF THE MOMENT IS. OBVIOUSLY, WE HAVEN'T GOTTEN INTO THESE OTHER TWO HOMICIDES THAT THE GOVERNMENT WANTS TO BRING TO THE COURT'S ATTENTION. AND WE'RE CLEARLY GOING THERE TODAY. THIS ISN'T ABOUT THAT. THIS IS TIED DIRECTLY TO THE TRIAL ITSELF AND THE PROOF THAT CAME OUT OF IT. — — (CITED VERBATIM FROM TRANSCRIPT OF SENTENCING BEFORE JUSTICE JAMES K. BREDAR, JUNE 20TH, 2019) AT #JKB-16-0363;

HEREIN, MR MCCANTS ASSERTS THAT IT WAS 'REVERSIBLE ERROR', UNDER RULE 52(A), FOR HIS SENTENCING COURT, TO ISSUE 'ADVISORY OPINIONS' AND, ADDITIONALLY, "ADVOCATE FOR THE DETERMINATION OF HIS LIFE SENTENCE", SEE E.G., 51 A.B.A.J. 444 (1965); SEE ALSO, E.G., R.O.V. STATE, 46 SO. 3d 124, 126 (FLA. 3d DCA 2010)("WHEN A JUDGE ENTERS INTO THE PROCEEDING

PG 23

AND BECOMES A PARTICIPANT OR AN ADVOCATE, A SHADOW
IS CAST UPON JUDICIAL NEUTRALITY.") BY "IMPERMISSI LE
JUDICIAL FACT-FINDING, OF FACTS, THAT BELONG SOLELY
TO A JURY'S DETERMINATION, SEE E.G., ERLINGER V. UNITED
STATES, 2024 U.S. LEXIS 2715 (2024), SEE ALSO, E.G., ALLEYNE
V. UNITED STATES, 570 U.S. 99 (2013) (PRINCIPLE THAT ONLY A
JURY MAY DETERMINE FACTS THAT INCREASE PENALTIES
APPLIES WHEN A COURT IMPOSES A SENTENCE THE EXCEEDS
THE MAXIMUM PENALTY AUTHORIZED BY A JURY'S FINDINGS
AND INCREASES THE MINIMUM PUNISHMENT) CF. U.S. V MARTIN
LINEN SUPPLY CO, 430 U.S. 564, 572, 97 S.CT. 1349, 1355, 51 L.ED. 2d
(1977) (
         THE JURY WOULD HAVE FULFILLED ITS CONSTITUTIONAL
FUNCTION TO "STAND BETWEEN THE ACCUSED AND A POTENTIALLY
ARBITRARY OR ABUSIVE GOVERNMENT THAT IS IN COMMAND
OF THE CRIMINAL SANCTION") AND DENIED, MR MCCANTS'S A
FAIR SENTENCING FUNCTION BY NOT REMAINING IMPARTIAL
AT ALL TIMES, AND GIVING THE GOVERNMENT IMPROPER
ADVICE, —

                    [ SMITH VS ARIZONA ]

UNDER THE CONFRONTATION CLAUSE AND PRINCIPLE IN SMITH
V. ARIZONA; MR MCCANT'S 6TH AMENDMENT RIGHTS TO FACE
HIS ACCUSSER, WAS VIOLATED BY THE GOVERNMENT'S USE
OF PHONE RECORDS AND PHONE RECORDINGS THAT WERE PLAYED
FOR THE JURY FOR THE TRUTHNESS OF THE MISSING WITNESSE'S
ASSERTION, AND DEPRIVED MR MCCANTS OF AN OPERTUNITY
2024 TO CROSS-EXAMINE THE WITNESS OF THE ASSERTION.

ADDITIONALLY, MR. MCCANTS CITES SMITH V. ARIZONA, IN LIEU OF
THE GOVERNMENT'S TESTIFYING EXPERTS, AND WITNESSES, TO
AUTOPSY REPORTS OR DRUG SUBSTANCES, THAT ANOTHER
EXPERT OR WITNESS AUTHORED, OR STATED; —
IN LIGHT OF RULE 702-703, AND THE RULE, THAT PERMITS
HEARSAY TESTIMONY, CF. RULE 803; MR. MCCANTS' TRIAL
COUNSEL DIDN'T CHALLENGE OR OBJECT TO CERTAIN LAB
WORK, OR DRUG TESTING RESULTS, IN LIGHT OF THE 'RULES'
THAT SMITH V ARIZONA, ELIMINATED RETROACTIVELY, BUT
WASN'T AVAILABLE TO THE MOVANT DURING HIS TRIAL IN
2018, WHERE RULE 703 WAS THE BASIS FOR HIS ATTORNEY'S
INACTIONS.

[ REQUESTED RELIEF]

MR. MCCANTS ASSERTS THAT IN LIGHT OF THE FACTS AND
PRIMA FACIE EXHIBIT(A)(JURY VERDICT FORM) SUBMITTED HEREIN
AN EVIDENTIARY HEARING IS WARRENTED AND APPROPRIATE
IN THIS SUBJECT-MATTER, UNDER THE FEDERAL RULES OF
CRIMINAL PROCEDURE 51, AND TO ACCORD FAIRNESS HEREIN,
WHERE DUE PROCESS AND THE OPERATION OF LAW NOW
COMPELLS ERROR ON FACE OF THE RECORD. CF. FED.R.CRIM.
P. 51("IF A PARTY HAS NO OPPORTUNITY TO OBJECT TO A RULING
OR ORDER, THE ABSENCE OF AN OBJECTION DOES NOT THERE-
AFTER PREJUDICE THAT PARTY") WHERE "CONSPIRACY TO COMMIT
MURDER IN AID OF RACKETEERING" IS NO LONGER COGNIZABLE
AS A FEDERAL CRIME OF VIOLENCE AFTER DAVIS, 588 S.CT. __(2019)
SEE E.G., UNITED STATES V. CAPERS, 20 F.4TH 105, 118-20 (2d CIR. 2021
(FINDING THAT RACKETEERING CONSPIRACY IS NO LONGER A

PB 25

VALID PREDICATE CRIME OF VIOLENCE AFTER THE SUPREME
COURT'S DECISION IN UNITED STATES V. DAVIS, 139 S.CT. 2319,
204 L.ED. 2D 757 (2019)) OR "ATTEMPTED MURDER" ISN'T A
FEDERAL OFFENSE UNDER THE BRIGHT-LINE CONSTRUCTION
OF U.S. V. TAYLOR, 142 S.CT. AT 2020, WHERE AN ATTEMPT
TO COMMIT A FEDERAL OFFENSE, DOESN'T "ALWAYS REQUIRE
THE GOVERNMENT TO PROVE-BEYOND A REASONABLE DOUBT,
AS AN 'ELEMENT OF ITS CASE'. THE USE, ATTEMPTED USE, OR
THREATENED USE OF FORCE" (CITING TAYLOR VERBATIM)
(EMPHASIS ADDED)

MR. MCCANTS ADDITIONALLY 'REQUESTS' FOR HIS "LIFE
SENTENCE" THAT WAS ISSUED DURING A PRE-MATURE
STATE OF LAW, BE 'VACATED OR STRUCK FROM THE RECORD',
WHERE THE 'SENTENCING CLAUSE' AND 'RISK OF FORCE
CLAUSE', CAN'T BE CONSTITUTIONALLY ENFORCED OR
HOLD THE WEIGHT OF LAW ANYMORE AFTER DAVIS, 588
S.CT. _ (2019); THEREFORE, THE MOVANT ALSO REQUESTS
A 'NEW TRIAL' OR 'IMMEDIATE RELEASE' DUE TO THE
ELEMENTAL DEFECT IN THE PROCUREMENT OF THE
PROSECUTION BY "OMISSION" OF THE "ELEMENTS CLAUSE'
AS AN 'ELEMENT OF THE GOVERNMENT'S CASE BEYOND
A REASONABLE DOUBT'.

## CONCLUSION OF LAW
## AND FACTS.

PG 26

WHERE THE SUPREME COURT HAS INTERPRETED THE CONDUCT

OF "CONSPIRACY COMMIT A CRIME OF VIOLENCE" (PER SE) AS NOT A CATEGORICAL CRIME OF VIOLENCE, BECAUSE THE ACT OF CONSPIRACY TO COMMIT AN OFFENSE - WHICH ONLY CENTERS AROUND AN AGREEMENT TO COMMIT AN OFFENSE AND CAN MANIFEST IN A HOST OF NON-VIOLENT WAYS THAT DOESN'T REQUIRE THE GOVERNMENT TO PROVE ANY ELEMENTS OF THE ELEMENTS CLAUSE. ONLY LEAVING THE RISK-CLAUSE SENTENCING PACKAGE APPLIABLE TO MR. MCCANTS'S FEDERAL OFFENSES OF 'CONSPIRACY TO COMMIT MURDER AND ATTEMPTED MURDER, WHERE THE SUPREME COURT HAS 'ALREADY INTERPRETED' THE 'CONDUCT OF CONSPIRACY AND ATT. 9PT TO COMMIT AN OFFENSE'. AS NOT QUALIFYING UNDER THE ELEMENTS CLAUSE CF. DAVIS AND TAYLOR; STARE DECISIS CONTROLS THIS REVIEW, SEE E.G. MARCELLO V. AHRENS, 212 F.2d 830, 1954 U.S. APP. LEXIS 3453 (5TH CIR. 1954), AFF'd, 349 U.S. 302, 75 S.CT. 757, 99 L.Ed. 1107, 1955 U.S. LEXIS 735 (1955) (DECISIONS OF SUPREME COURT OF UNITED STATES ARE BINDING UPON COURT OF APPEALS. AND EVEN IF COURT OF APPEALS WERE DISPOSED TO DO SO, IT HAS NO POWER TO OVERRU~ THOSE DECISIONS)

[ 28 U.S.C. 1746 ]

ON MY RIGHT HAND, I DECLARE, STATE, OR CERTIFY UNDER THE PENALTY OF PERJURY, THAT THE ABOVE AND FOREGOING IS A TRUE AND ACCURATE BILL. EXECUTED PRO SE, ON THE BELOW DATE & TIME FOR PROCESS OF SERVICE; AND DEPOSITED INTO THE INSTITUTIONAL MAILSYSTEM WITH 1ST CLASS POSTAGE.

PG 27.

CLERK OF COURT

U.S. DISTRICT COURT

EXECUTED ON
6/30/2025

Marcus Mccarts
SIGNATURE

[CERTIFICATE OF SERVICE]

ON MY RIGHT HAND, I CERTIFY THAT A TRUE AND
ACCURATE COPY OF THIS MOTION FOR STRUCTURAL
ERROR REVIEW, WAS DEPOSITED INTO THE INSTITUTIONAL
MAIL SYSTEM AT USP POLLOCK LA, MARKED WITH 1ST
CLASS POSTAGE FOR PROCESS OF SERVICE